UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LUI SAELEE,

      Plaintiff,

  v.

PROGRESSIVE CLASSIC INSURANCE COMPANY, STEPHEN R. ROMO, and DOES 1 through 20,

      Defendants.

NO. CIV. S-05-2648 WBS KJM

ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

      Currently before the court is defendant Progressive Classic Insurance Company's motion for summary judgment, which argues that, based on the undisputed facts, plaintiff Lui Saelee's action for a breach of the implied covenant of good faith and fair dealing must fail as a matter of law.

      California law implies a covenant of good faith and fair dealing in every liability insurance policy. PPG Indus., Inc. v. Transamerica Ins. Co., 20 Cal. 4th 310, 312 (Cal. 1999). As the Ninth Circuit has so aptly observed, "What is 'good faith' or 'bad faith' on an insurer's part has not yet proved

1

susceptible to pat legal definition." Allen v. Allstate Ins. Co., 656 F.2d 487, 489 (9th Cir. 1981). What is clear under California law is that an insurer acts in "bad faith" when it fails "to inform the insured of a compromise offer." Brown v. Guarantee Ins. Co., 155 Cal. App. 2d 679, 689 (Cal. Ct. App. 2d Dist. 1957); Anguiano v. Allstate Ins. Co., 209 F.3d 1167, 1169 (9th Cir. 2000) ("The implied covenant of good faith and fair dealing imposes a duty upon insurers to . . . 'advise the insured of any settlement offers.'" (quoting Cain v. State Farm Mut. Auto. Ins. Co., 47 Cal. App. 3d 783, 791 (Cal. Ct. App. 1st Dist. 1975))).

Here, on November 15, 2000, plaintiff indicated she would settle for the $25,000 policy limit, provided Romo sign a declaration of assets.[1] On March 16, 2001, defendant tendered the policy limits to plaintiff, but without a declaration. Defendant later communicated to its insured a request, with which the insured complied, to provide a declaration that he had no excess or other insurance assets that would be applicable to plaintiff's claim. On May 31, 2001, plaintiff indicated she would not settle for the $25,000 policy limit unless the insured's declaration addressed the existence of insurance and non-insurance assets.

Defendant has presented evidence from which it could be found that it communicated plaintiff's May 31, 2001 request to the insured by September 17, 2001, but there is at the very least

---

[1] The insured, Stephen R. Romo, assigned to plaintiff his rights under the policy on November 16, 2003, (Compl. ¶ 20), thereby, allowing plaintiff to bring this action. Anguiano, 209 F.3d at 1169 (9th Cir. 2000) (claimant's cause of action for breach of the implied covenant of good faith and fair dealing arises when insured assigns his/her rights to claimant).

a disputed issue of fact as to whether defendant timely communicated this information to the insured prior to plaintiff filing suit on June 29, 2001. (See Schwarzkopf Decl. ¶ 5; Pl.'s Statement of Disputed and Undisputed and Additional Facts # 29, 31.)  The trier of fact could further conclude that the failure to communicate this information constituted bad faith.  See Allen, 656 F.2d at 489 ("An insurer's 'good faith' is essentially a matter of fact.") and Kinder v. W. Pioneer Ins. Co., 231 Cal.App.2d 894, 900 (Cal. Ct. App. 1st Dist. 1965) (same).

An insurer's duty to communicate a settlement offer arises even if the offer is made in excess of policy limits. Heredia v. Farmers Ins. Exch., 228 Cal. App. 3d 1345, 1360 (Cal. Ct. App. 6th Dist. 1991); See also Cont'l Cas. Co. v. United States Fid. & Guar. Co., 516 F. Supp. 384 (N.D. Cal. 1981) (under California law, insurer breached implied covenant of good faith and fair dealing by failing to inform insured of offer in excess of policy limits in order to afford insured opportunity to contribute to settlement).  Further, that duty to communicate may be triggered by something less than a formal offer. Allen, 656 F.2d at 490 (insurer held liable for excess judgment under California law based on failure to notify claimant of deficiency in offer's scope; claimants need not "begin settlement overtures with letter-perfect offers to which insurers need only respond 'Yes' or 'No.' An insurer's duty of good faith would be trifling if it did not require an insurer to explore the details of a settlement offer that could prove extremely beneficial to its insured.").

Because the trier of fact could conclude that defendant

3

1  failed to timely communicate plaintiff's request for a
2  declaration of his non-insurance assets to Romo and that such
3  failure amounted to bad faith on the part of the insurer, the
4  court cannot grant defendant's motion for summary judgment.
5           IT IS THEREFORE ORDERED that defendant's motion for
6  summary judgment be, and the same hereby is, DENIED.
7  DATED:  January 10, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE