1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12 LUI SAELEE,
                                   NO. CIV. S-05-2648 WBS KJM
13          Plaintiff,

14      v.
                                   ORDER RE: MOTION FOR
15 PROGRESSIVE CLASSIC INSURANCE    CERTIFICATION OF ORDER FOR
   COMPANY, STEPHEN R. ROMO, and    APPEAL
16 DOES 1 through 20,_____

17          Defendants._____

18                          ----oo0oo----

19          Defendant Progressive Classic Insurance Company

20 ("Progressive") moves the court to certify its order of January

21 11, 2007, denying defendant's motion for summary judgment, for

22 interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

23          Orders denying motions for summary judgment are not

24 ordinarily final decisions from which appeal may be taken under

25 28 U.S.C. § 1291.  Oppenheimer v. Los Angeles County Flood

26 Control District, 453 F.2d 895 (9th Cir. 1972).  However, under

27 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a

28 civil action an order not otherwise appealable under [section

                                1

1292], shall be of the opinion that such order involves a
controlling question of law as to which there is substantial
ground for difference of opinion and that an immediate appeal
from the order may materially advance the ultimate termination of
the litigation, he shall so state in writing in such order." 
When the district judge so states, it is then up to the Court of
Appeals, in its discretion, to determine whether to permit an
appeal to be taken from that order.  <u>Id.</u>

This court is therefore called upon to determine
whether its otherwise unappealable order:  1) involves a
controlling question of law as to which (2) there is substantial
ground for difference of opinion and that (3) an immediate appeal
from the order may materially advance the ultimate outcome of the
litigation.  28 U.S.C. § 1292(b); <u>In re Cement Antitrust Litig.</u>,
673 F.2d 1020, 1026 (9th Cir. 1982).

First, almost by definition, all motions for summary
judgment involve a controlling question of law in the sense that
deciding the issue in favor of the moving defendant would dispose
of the case.  This case is no exception.  The question of law
raised by defendant appears to be whether plaintiff's bad faith
claim was precluded as a matter of law because Progressive had
tendered the insured's policy limit.  If that issue were decided
in favor of Progressive, it would dispose of this lawsuit.

Second, in most seriously contested summary judgment
motions there is substantial ground for difference of opinion. 
Filing a motion for summary judgment involves the expenditure of
substantial attorney time and client resources.  Such motions are
not generally pursued by competent attorneys unless there is a

2

1 substantial basis to believe they may be granted.  This case,
2 again, is no exception.  The Court of Appeals does not always
3 agree with the opinions of the district courts on the issues of
4 law determinative of summary judgment motions.  In this case, as
5 in most others, there is substantial ground for a difference of
6 opinion.

7          Third, whether an immediate appeal would materially
8 advance the ultimate outcome of this litigation depends, of
9 course, on whether the appeal is successful.  If it is, the
10 effect will be to terminate this litigation altogether.  Thus, a
11 strong argument can be made that an immediate appeal from this
12 court's order "may" materially advance the ultimate outcome of
13 this litigation.  However, the same could be said in practically
14 every case where a district court has denied a dispositive motion
15 for summary judgment.

16          As can be seen readily from the above discussion, if
17 that were all that there was to the analysis, the district courts
18 would authorize appeals from just about every denial of a motion
19 for summary judgment.  But fortunately there is more to the
20 analysis than that.  The Supreme Court has construed the 1958
21 amendments to section 1292(b) "to confer on district courts first
22 line discretion to allow interlocutory appeals."  Swint v.
23 Chambers County Comm'n, 514 U.S. 35, 47 (1995).  The Ninth
24 Circuit further tells us that section 1292 is to be used "only in
25 exceptional situations in which allowing an interlocutory appeal
26 would avoid protracted and expensive litigation."  In re Cement,
27 673 F.2d at 1026 (citing United States Rubber Co. v. Wright, 359
28 F.2d 784, 785 (9th Cir. 1966)(per curiam)).

3

1    Here, all discovery has been completed, and trial is
2  set to commence on May 22, 2007.  Counsel estimate that the trial
3  will take no longer than one week and involve primarily the
4  parties witnesses.  Permitting an interlocutory appeal could not
5  be said to avoid either protracted or expensive litigation.  To
6  the contrary, it would undoubtedly require continuing the trial
7  date.  If defendant does not prevail on such an appeal, not only
8  would the trial be delayed but the parties might be required to
9  expend the costs of a second appeal following final judgment.

10    In sum, while the prerequisites for a district court's
11 finding under section 1292(b) may appear on the surface to be
12 present in this case, this is not the kind of "exceptional"
13 situation in which this court should exercise its discretion to
14 certify an interlocutory appeal.

15    IT IS THEREFORE ORDERED that defendant's motion to
16 certify this court's January 11, 2007, order for interlocutory
17 appeal be, and the same hereby is, DENIED.

18 DATED:  March 5, 2007

19

20    _____
21    WILLIAM B. SHUBB
       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

4