UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LUI SAELEE,

    Plaintiff,

  v.

PROGRESSIVE CLASSIC INSURANCE COMPANY, et al.,

    Defendants.
_____/

NO. CIV. S-05-02648 WBS KJM

AMENDED PRETRIAL ORDER

----oo0oo----

       A Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282, on March 26, 2007. Jon Allin appeared as counsel on behalf of plaintiff; Craig Farmer appeared as counsel on behalf of defendants. After hearing, the court now makes the following findings and orders:

       I.  <u>Jurisdiction-Venue.</u>

       Removal jurisdiction is predicated on 28 U.S.C.

§§1441(b) and 1332 (diversity of citizenship). Plaintiff is a citizen of the State of California and defendant is a Wisconsin corporation with its principal place of business in the State of Wisconsin. The contested amount exceeds $75,000.00. Venue is undisputed and has been found to be proper.

## II. Jury-Nonjury.

Defendants have demanded a jury trial. Accordingly, this case will be tried before a jury composed of not less than six members nor more than twelve members. Fed. R. Civ. P. 48.

## III. Jury Instructions

No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 51-163, copies of all jury instructions which plaintiff requests be given. At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendant shall file and serve any objections to the instructions proposed by plaintiff and shall at the same time lodge and serve, pursuant to Local Rule 51-163, copies of any and all jury instructions not already proposed by plaintiff which defendant requests be given. At that time, counsel for defendant shall also file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendant and to any proposed form of verdict.

1	Pursuant to Local Rule 51-163, any other instructions
2	thereafter presented will be refused unless it is shown either
3	(1) that the necessity for the request arose in the course of
4	trial; could not reasonably have been anticipated prior to trial
5	from the pleadings, discovery or nature of the action; and the
6	request for such additional instructions is presented to the
7	Court as promptly as possible; or (2) that the refusal to give
8	such instructions would constitute plain error.
9	Likewise, any objections to proposed instructions not
10	made in accordance with this order will be overruled as untimely
11	unless it is shown either (1) that the grounds therefor arose in
12	the course of trial and the intention to make such objections is
13	communicated to the Court as promptly as possible, or (2) that
14	the giving of such instructions would constitute plain error.
15	    IV.  Voir Dire Questions.
16	    No later than fourteen days before the trial date,
17	counsel for each party shall submit all proposed jury voir dire
18	questions.
19	    V.  Trial Briefs.
20	    No later than fourteen days before the trial date,
21	counsel for each party shall file trial briefs, which shall
22	include any motions in limine, pursuant to Local Rule 16-285.  No
23	later than seven days before trial, the parties may file
24	oppositions, if any, to the motions in limine.
25	    VI. Witnesses.
26	    (A)  Plaintiff anticipates calling the witnesses
27	identified at Exhibit "A" attached hereto.
28	    (B)  Defendant anticipates calling the witnesses
	identified at Exhibit "B" attached hereto.

3

1              (C)   Each party may call any witness designated by any
2 other party.
3              (D)   At the election of the party calling the witness,
4 the direct testimony of any witness may be presented by
5 declaration, to be provided to the court and opposing counsel at
6 least 24 hours before the witness is produced for cross-
7 examination.
8              (E)   No other witnesses will be permitted to testify
9 at trial unless:
10                   (1)   all parties stipulate that the witness may
11 testify;
12                   (2)   the party offering the witness demonstrates
13 that the witness is for the purpose of rebutting evidence which
14 could not have been reasonably anticipated at the time of the
15 Pretrial Conference; or
16                   (3)   the witness was discovered after the
17 Pretrial Conference.
18              (F)   Testimony of a witness not designated in this
19 Order, which is offered under paragraph VI(E)(3), above, upon
20 the grounds that the witness was discovered after the Pretrial
21 Conference, will not be permitted unless:
22
23                   (1)   the testimony of the witness could not
24 reasonably have been discovered prior to the Pretrial Conference;
25                   (2)   the court and opposing counsel were promptly
26 notified upon discovery of the testimony; and
27                   (3)   counsel proffered the witness for deposition
28 if time permitted or provided all opposing counsel a reasonable
summary of the testimony if time did not permit a deposition.

4

VII. <u>Exhibits.</u>

(A) Plaintiff intends to offer the exhibits identified at Exhibit "C" attached hereto.

(B) Defendant anticipates offering the exhibits identified at Exhibit "D" attached hereto.

(C) Each party may offer any exhibit designated by any other party.

(D) No other exhibits will be received in evidence unless:

(1) all parties stipulate that the exhibit may be received in evidence;

(2) the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3) the exhibit was discovered after the Pretrial Conference.

(E) An exhibit not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1) the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2) the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3) counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

1        (F)  Each party shall exchange copies of all exhibits
2 identified in this Order, or make them reasonably available for
3 inspection by all other parties, not later than thirty days
4 before the trial date.  Any and all objections to such exhibits
5 shall be filed and served not later than fourteen days before the
6 trial date.
7        (G)  The attorney for each party is directed to appear
8 before trial and present an original (and if physically possible
9 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
10 8:30 a.m. on the date of trial.
11        (H)  Each exhibit which has been designated in this
12 Order and presented on the morning of the date of trial will be
13 marked for identification.  If no objection has been made to such
14 exhibit pursuant to paragraph VII(F), above, such exhibit will
15 require no further foundation and will be received in evidence
16 upon the motion of any party at trial.
17       VIII.  <u>Further Discovery and Motions.</u>
18       No further discovery will be permitted except by the
19 express stipulation of all parties or pursuant to prior court
20 order.  Except for motions in limine, no further motions shall be
21 brought before trial except upon order of the court and for good
22 cause shown.
23       IX.  <u>Use of Depositions or Interrogatories.</u>
24       No later than thirty days before the trial date,
25 counsel for each party shall file and serve a statement
26 designating all answers to interrogatories and all portions of
27 depositions intended to be offered or read into evidence, with
28 the exception of portions to be used only for impeachment or

rebuttal.  No later than twenty days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than ten days before the trial date, the parties may file evidentiary objections to any other parties' counter-designation.

X.   Settlement Conference.

A Settlement Conference is set before the Honorable Garland R. Burrell on May 4, 2007 at 1:00 p.m., in Courtroom No. 13.

Each party is ordered to have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.  No later than seven days before the date of the Settlement Conference, counsel for each party shall deliver to the Settlement Judge a confidential Settlement Conference Statement for review.  This confidential Settlement Conference Statement shall not be filed, nor shall it be reviewed by the trial judge.

XI. Date and Length of Trial.

This case is set for trial at 9:00 a.m. on May 23, 2007 in Courtroom No. 5.  The court estimates that trial will last approximately 5-7 trial days.

XII.   Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) will be raised and resolved outside the presence of the jury just prior to when the

7

challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

### XIII. Objections to Pretrial Order.

Any objections or suggested modifications to this Amended Pretrial Order shall be filed and served within fifteen days from the date of this Order.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed.  If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

DATED: April 23, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit "A"

Witnesses

Lui Saelee, 6430 Verner Ave., Apt. 191, Sacramento, CA 95841.

Ronald C. Schwarzkopf, 1545 River Park Dr., Ste. 509, Sacramento, CA 95815.

Jon S. Allin, 1545 River Park Dr., Ste. 509, Sacramento, CA 95815.

Rochelle Roy, Progressive Classic Insurance Company.

Donald Kieffer, Progressive Classic Insurance Company.

1       Exhibit B
2       Witnesses
3    a.  Donald Kieffer, former employee of Progressive Classic
4 Insurance Company, 10940 White Rock Road, Rancho Cordova,
5 California 95670
6    b.  Rochelle Roy, Progressive Classic Insurance Company,
7 10940 White Rock Road, Rancho Cordova, California 95670
8    c.  Thomas Strause, Progressive Classic Insurance Company,
9 10940 White rock Road, Rancho Cordova, California 95670
10   d.  Sean Barry, former employee of Progressive Classic
11 Insurance Company, 10940 White Rock Road, Rancho Cordova,
12 California 95670
13   e.  Claudette Romo, 11150 Trinity River Dr. #34, Rancho
14 Cordova, CA 95670
15   f.  Suzanne Trimble, 2500 Venture Oaks Way #350,
16 Sacramento, CA 95833
17   g.  Susan Hobson, 2500 Venture Oaks Way #350, Sacramento,
18 CA 95833
19   h.  Edward McKinnon (expert), 33345 Santiago Road, Acton,
20 California 93510 (616) 265-6400

Exhibit C

Schedules and Summaries

a. The Progressive policy;

b. the Progressive claim file;

c. Progressive's "PACMAN" diary and notes;

d. Saelee's counsel's file from the underlying bodily injury claim and lawsuit (redacted), including correspondence, pleadings, investigation, and discovery;

e. the police report and vehicle photographs from the underlying bodily injury claim;

f. correspondence between Progressive and Romo and between Progressive, Romo, or his counsel and Saelee or her counsel from the underlying bodily injury claim and lawsuit;

g. the declarations and exhibits attached to Progressive's motion for summary judgment;

h. the judgment and court file in the underlying bodily injury case;

i. the written assignment of rights by Romo to Saelee.

EXHIBIT "D"

Progressive anticipates offering at trial the following exhibits:

1. Deposition transcript of Ronald Schwarzkopf (October 30, 2006).
2. Selected video recording of the deposition of Ronald Schwarzkopf (October 30, 2006).
3. Expert witness report of Edward McKinnon.
4. Deposition transcript of Stephen Romo (April 18, 2002).
5. Deposition transcript of Lui Saelee (May 21, 2002).
6. July 16, 2000 letter from Melissa Giannoni (Progressive to Romo).
7. July 27, 2000 letter from Schwarzkopf to Thea Pheap (Progressive).
8. September 28, 2000 letter from Sean Barry (Progressive) to Schwarzkopf.
9. September 29, 2000 letter from Sean Barry (Progressive) to Romo.
10. October 6, 2000 letter from Sean Barry (Progressive) to Romo.
11. October 11, 2000 letter from Don Kieffer (Progressive) to Schwarzkopf.
12. November 11, 2000 letter from Jon Allin to Don Kieffer (Progressive).
13. December 19, 2000 letter from Don Kieffer (Progressive) to Jon Allin.
14. January 16, 2001 Saelee's Wage and Salary Verification.
15. March 16, 2001 letter from Don Kieffer (Progressive) to Schwarzkopf.

16. April 5, 2001 letter from Don Kieffer (Progressive) to Romo.
17. May 4, 2001 letter from Don Kieffer (Progressive) to Romo.
18. May 4, 2001 letter from Don Kieffer (Progressive) to Schwarzkopf.
19. May 11, 2001 letter from Romo to Don Kieffer (Progressive).
20. May 24, 2001 letter from Don Kieffer (Progressive) to Schwarzkopf.
21. May 31, 2001 letter from Schwarzkopf to Don Kieffer (Progressive).
22. June 18, 2001 letter from Don Kieffer (Progressive) to Schwarzkopf.
23. July 18, 2001 facsimile from Stephen Romo to (Don Kieffer) Progressive.
24. August 3, 2001 letter from Don Kieffer (Progressive) to Suzanne Trimble.
25. August 9, 2001 letter from Trimble to Don Kieffer (Progressive).
26. August 20, 2001 letter from Trimble to Don Kieffer (Progressive).
27. September 17, 2001 letter from Trimble to Schwarzkopf.
28. October 31, 2001 letter from Trimble to Schwarzkopf.
29. October 23, 2001 letter from Trimble to Schwarzkopf.
30. December 19, 2001 letter from Trimble to Don Kieffer (Progressive).
31. December 24, 2001 letter from Don Kieffer (Progressive) to Trimble.
32. January 8, 2002 letter from Trimble to Schwarzkopf.

33. January 21, 2002 letter from Trimble to Don Kieffer (Progressive).
34. March 6, 2002 letter from Trimble to Don Kieffer (Progressive).
35. March 18, 2002 letter from Trimble to Don Kieffer (Progressive).
36. March 22, 2002 letter from Schwarzkopf to Trimble.
37. March 28, 2002 letter from Trimble to Schwarzkopf.
38. April 9, 2002 letter from Don Kieffer (Progressive) to Romo.
39. April 10, 2002 letter from Don Kieffer (Progressive) to Schwarzkopf.
40. April 23, 2002 letter from Schwarzkopf to Trimble.
41. April 26, 2002 letter from Don Kieffer (Progressive) to Schwarzkopf.
42. May 1, 2002 letter from Trimble to Don Kieffer (Progressive).
43. May 1, 2002 letter from Trimble to Schwarzkopf.
44. May 2, 2002 letter from to Leyte Day.
45. May 21, 2002 letter from Trimble to Schwarzkopf.
46. May 24, 2002 letter from Trimble to Romo.
47. July 15, 2002 letter from Trimble to Romo.
48. January 27, 2003 letter from Trimble to Don Kieffer (Progressive).
49. March 17, 2003 letter from Trimble to Don Kieffer (Progressive).
50. March 19, 2003 letter from Don Kieffer (Progressive) to Romo.

14

1  51.   March 20, 2003 letter from Don Kieffer (Progressive) to
2  Romo.
3  52.   Progressive claim file (PACMAN) notes on the claim
4  regarding the July 14, 2000 motor vehicle accident.
5  53.   Progressive policy number 70416249-0.
6  54.   October 23, 2003 Notice of Entry of Corrected Judgment
7  (Saelee v. Romo, Sacramento County, 05AS02805).55.    All other
8  relevant correspondence between Progressive and Trimble.
9  56.   All other relevant correspondence between Trimble and
10 Schwarzkopf.
11 57.   All other relevant correspondence between Trimble and Romo.
12 58.   All other relevant correspondence between Progressive and
13 Romo.